UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION



United States Courts
Southern District of Texas
FILED
JUL 19 2017
David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| John J. Dierlam | § | |
|     Plaintiff | § | |
| | § | |
| versus | § | CIVIL ACTION NO. 4:16-cv-00307 |
| | § | |
| Barack Hussein Obama, in his official capacity as | § | |
| President of the United States et. al. | § | |
| | § | |
|     Defendants | § | |

<u>Motion to Reassign the District Court Judge</u>

As permitted by 28 U.S. C. § 144, I now move that the District Court Judge involved in this case be reassigned for extrajudicial prejudice. A similar Motion was made to the Appeals Court. The Appeal was dismissed for Lack of Appellate Jurisdiction. A Petition for Writ of Certiorari will be filed with the Supreme Court. I noticed at the pretrial conference indications of hostility. Evidence for this motion include more than one instance of abuse of discretion. During and after the pretrial conference, the Judge consistently appeared to favor the government. I have contacted the counsel for the government and they oppose this motion.

Background

On February 4 2016, I, John J. Dierlam, a citizen of Texas, the United States, and a life long Catholic, filed a complaint in the Southern District Court of Texas against the government, which includes the President of the U.S. and departments of Treasury, Labor, HHS, and their Secretaries. I challenged the constitutionality of defendant's implementation of provisions of the Patient Protection and Affordable Care Act (ACA). In other claims, I challenged the constitutionality of the minimum essential coverage provision, shared responsibility payment provision, and the ACA in general. In the final claim, I request clarification of the term direct taxes so that the principle of the Consent of the Governed is preserved.

The government requested additional time to file a response to the Complaint. The Court granted an extension on April 13, 2016. The Court granted a second extension on May 18, 2016. The Defendant's filed a Motion to Dismiss on May 26, 2016. The Court granted my request for an extension to respond to the Defendant's Motion to Dismiss until July 8, 2016 on June 16, 2016. The Court granted Plaintiff's Motion requesting Leave to Amend Complaint on July 14. 2016.

I filed a Response to the Motion to Dismiss and a Motion to Amend the Original Complaint. After, reading the Defendant's Motion to Dismiss, I conceded I made a mistake on the Original Complaint in Claim I. These documents were filed on 7/8/2016. The Court granted the Motion on 7/11/2016. The 1st Amended Complaint was filed on 7/18/2016. A telephone scheduling conference occurred on July 26, 2016.

On 8/2/2016 Defendants filed an Unopposed Motion for Leave to file Excess pages for their Amended Motion to Dismiss. On 8/3/2016 the Court granted the Motion. On 8/4/2016 Defendants filed their Motion to Dismiss the First Amended Complaint of 35 pages. On

8/9/2016, I filed an Unopposed Motion to Exceed the Page Count Limit in Response to Defendants MTD the First Amended Complaint. On 8/17/2016, I filed a Response to Defendant's Amended Motion to Dismiss and Memorandum in order to meet the deadline established by Fed. Rule of Civil Procedure 15 since the Court did not respond to my Motion to Exceed Page Count Limit. On 8/25/2016, the Court denied my request to Exceed page count limit. I filed a Motion of Request for Clarification of the previous order. The Court denied the request on 9/22/2016.

On Dec. 8, 2016 motions for Partial Summary Judgment on the first RFRA claim and for a Preliminary Injunction were filed. On Dec. 19, 2016 the government filed a Motion to Stay Briefing. My Response was filed on Jan. 10, 2017. The judge granted the Stay on Jan. 19, 2017. On 3/8/2017, I filed to Appeal the Stay. The Appeals Court dismissed the Appeal for Lack of Jurisdiction and on May 11, 2017 denied my Motion for Reconsideration. I am filing with the Supreme Court a Petition for Writ of Certiorari.

## **Argument**

### I – Motion to Reassign the District Court Judge in this case

### A – Requirements for a 28 USC §§ 144 and 455 reassignment

From the case *Chitimacha Tribe of Louisiana v. Harry L. Laws Co., 690 F. 2d 1157, 1164 (Court of Appeals, 5th Circuit 1982)*, "The relevant statutes are 28 U.S.C. §§ 144 and 455. Both statutes are based on the notion that a fair trial before an unbiased judge is a basic requirement of due process. Substantively, the two statutes are quite similar, if not identical." (internal citations and quotations will be omitted unless otherwise noted.) "Under either statute, the alleged bias must be personal, as distinguished from judicial, in nature. The point of the distinction is that the

3

bias must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case," quoting from *Phillips v. JOINT LEGISLATIVE COM., ETC., 637 F. 2d 1014, 1019 (Court of Appeals, 5th Circuit 1981).* The judge may only rule on the sufficiency of the Affidavit. Id.

28 USC § 144 requires an affidavit. The Court in *Phillips* stated an affidavit was sufficient if: "1. The facts must be material and stated with particularity.   2. The facts must be such that, if true, they would convince a reasonable person that bias exists.   3. The facts must show the bias is personal, as opposed to judicial in nature." Id.

The court in the *Chitimacha* decision at 1165 stated "The movant must show that, if a reasonable man knew of all the circumstances, he would harbor doubts about the judge's impartiality...The goal of § 455 is to foster impartiality by requiring even its appearance." as the standard for recusal under 28 U.S.C. § 455.

## II – Evidence for reassignment

Please see the enclosed affidavit required for 28 USC § 144. The affidavit states some of the evidence for the lack of impartiality of the Judge in the lower court. Other Courts have considered simultaneously Motions to Dismiss and Preliminary Injunctions. See *O'BRIEN v. US Dept. of Health and Human Services, 894 F. Supp. 2d 1149 (Dist. Court, ED Missouri 2012).* Entertaining a Motion to Dismiss before Answer is at the discretion of the Court. "Preliminary Injunction relief usually is requested in the complaint but may also be made by motion, or by order to show cause." *Vol. 13 Moore's Federal Practice, §[65.21](Matthew Bender 3d. Ed.)* A footnote to this section in Moore's Federal Practice indicates that professional practice indicates a motion should be made separate from the prayer for relief, but I am clearly not a professional and

was unaware a separate motion was required at the time of filing the Complaint. The Preliminary Injunction was requested as the first item in the requested relief section of the Complaint, over three months before the government filed the first Motion to Dismiss. Considerable evidence and precedent exists to indicate at least some portion of this case, especially the RFRA claim, should survive a Motion to Dismiss. Therefore, the Motion for Preliminary Injunction filed 12/8/2016 was not out of order or untimely and could have been considered for decision with the Motion to Dismiss if not sooner.

Multiple basis exist for a preliminary injunction. See the Motion for a Preliminary Injunction and Motion for Partial Summary Judgment as well as my Response to the Defendant's Motion to Dismiss. The four requirements as set forth in cases such as *Mississippi Power & Light v. United Gas Pipe Line, 760 F. 2d 618 (Court of Appeals, 5th Circuit 1985)* for a Preliminary Injunction have been met. Especially, the requirement for the likelihood of success on the merits as the only similar case involving Catholic individuals of which I am aware has obtained a Permanent Injunction against the government. See *Wieland v. U.S. Dep't of Health & Human Servs., No. 4:13-cv-1577, 2016 WL 3924118, (E.D. Mo. July 21, 2016)*, which is currently under appeal. A Stay is a form of preliminary Injunction. The government did not meet the requirements for this Injunction. Especially, the requirement for the consideration of harm to the other party. In this case, considerable harm is evidenced as Congress is likely to modify or repeal the ACA, thereby making much of the Complaint moot. See *Procter & Gamble Co. v. Kraft Foods Global, Inc., 549 F.3d 842, 846 (Fed. Cir. 2008)* in which the court vacated a stay which had the effect of denying a preliminary injunction. The court was of the opinion that by the time the trial had concluded the question of a preliminary injunction to maintain the status

quo would be moot.

It would be speculation as to what triggered the Judge's animus. 28 USC §§ 144 does not require a specific reason or to psychoanalyze a specific cause for a Judge's extrajudicial prejudice. These statutes only require evidence of its existence, which I believe has been provided.

## Conclusion

I believe there are multiple grounds which indicate the lower court judge is not suitable to fairly sit as the fact finder and decide the remainder of this case. I ask that the judge be reassigned, which hopefully will put an end to the apparent delay and deny strategy of this judge and the government.

## Certificate of Service

I certify I have on July 18, 2017 mailed a copy of the above document to the clerk of the court at:

United States District Clerk
Southern District of Texas
515 Rusk, Room 5300
Houston, TX 77002

as I do not have access to the Court's electronic filing system. I have also mailed a copy to Defendant's Counsel at:

Emily S. Newton
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Room 7132
Washington, DC 20530

I have emailed a courtesy copy to the Defendant's counsel at Emily.S.Newton@usdoj.gov as well as the Case Manager for the Judge of the Court at cynthia_horace@txs.uscourts.gov.

Date: 7/18/2017
John J. Dierlam
5802 Redell Road
Baytown, TX 77521
Phone: 281-424-2266

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| John J. Dierlam | § | |
|         Plaintiff | § | |
| | § | |
| versus | § | CIVIL ACTION NO. 4:16-cv-00307 |
| | § | |
| Barack Hussein Obama, in his official capacity as President of the United States et. al. | § § | |
| | § | |
|         Defendants | § | |

## Affidavit of John J. Dierlam

State of Texas
Harris County

I, John J. Dierlam, swear and affirm all the following statements are true and complete to the extent of my knowledge on this subject under the penalties of perjury:

I am the plaintiff in the case Dierlam v. Obama et. al. in the Southern District of Texas, case 4:16-cv-00307.

1) On p.3 of the transcript from the telephone conference of 7/26/2016, the Judge inquired about the purpose for amending the Original Complaint, even though the reason was in the very short Motion I submitted. He then wanted to verify the basis for the Motion to Dismiss with the government lawyer. I attempted to add the government's Motion to Dismiss only for Claim I was for lack of standing the other claims were for Failure to State a Claim although I could not think of the proper term at the time. However even though the Judge seemed to previously imply a lack of knowledge of the case, the Judge's response indicated he was very aware of the government's response and defenses, especially when he said, "you are not a woman." At this point, I had the very distinct impression the Judge had reached a decision in this case despite the fact all information had not been presented and despite his purporting a lack of information. A conclusion the judge was using information other than that resulting from a judicial source to favor the government and disfavor myself was now a real concern to me.

8

In order to help elucidate this concern, I performed an internet search to see what information was available. The most useful website I found was, http://www.therobingroom.com/Judge.aspx?ID=994#comments. This webpage contains opinions of Judge Hoyt in his capacity as Judge. Some of the opinions were favorable, but several of the opinions on this web page helped to lend credence my suspicions were not ill founded.

2) The government on 8/2/2016 filed an unopposed Motion to exceed the page count, which the Judge granted the following day. The government filed a Motion to Dismiss the 1st Amended Complaint on 8/4/2016. Per Federal Rule of Civil Procedure 15, I am allowed 14 days to file a Response, which would occur on 8/18/2016. My unopposed Motion to Exceed the Page count was filed on 8/9/2016, well in advance of the deadline. To make the deadline, I filed my Response on 8/17/2016 hoping to work out something with the Court if the Motion to Exceed the Page Count was denied. My response to the government's Amended Motion to Dismiss was at most three pages more than my response to the government's original Motion to Dismiss. The vast majority of my second Response was identical to the original. Most of the new material was a response to the government's new defenses against Claim I of the Amended Complaint, which aside from the requested relief was the only section of the Complaint to change.

The court did not file an order denying the Motion to Exceed page count until 8/25/2016, seven days past the Rule 15 deadline and sixteen days after I filed the Motion to exceed the page count.

3) The previous action of the Court placed me in a difficult position. I composed a Motion of Request for Clarification. Per Rule 15, my time to respond had expired. I believe this implies without express permission from the Court I could not file any additional response. Also, the page limit of twenty five would be imposed unless I had express permission for additional pages. This reduction would be ten fewer pages than the government's amended MTD and seventeen pages fewer than my Response to the original MTD. Without action by the Court, I was in the position of leaving my Response to the Original MTD as my only response sacrificing any defense of the amended Claim I or filing a new response loosing seventeen pages of defense to all other claims and risking whether the Response would be acceptable as it was out of time. Under these circumstances, I at least implied in the Request for Clarification the possibility I may choose to not make

further response to preserve the defense of the majority of the claims. On 9/22/2016 the Judge denied the Request for Clarification without explanation.

4) After the order denying the Request for Clarification, I was expecting a ruling on the Motion to Dismiss. After further research, and with no other action by the Court, I filed a Motion for a Preliminary Injunction and a separate Motion for Partial Summary Judgment on 12/8/2016. Despite the weight of precedent and the lack of evidence indicating the requirements of a Stay were met by the government after they filed for a Stay on Briefing, the Judge granted a Stay on 1/19/2016.

Upon belief and information, the most likely explanation for the apparent disparity in treatment between the parties and disregard of the Law and precedent in these decisions by Judge Hoyt is extrajudicial prejudice.

_____   7/18/2017
John J. Dierlam                    Date

Subscribed and sworn to before me on the date    7/18/17

JUANITA TOSCANO
Notary Public, State of Texas
Comm. Expires 02-20-2021
Notary ID 131011821

_____
Notary Public