United States District Court
Southern District of Texas
**ENTERED**
September 29, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN J. DIERLAM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-0307 |
| | § | |
| DONALD TRUMP, IN HIS OFFICIAL | § | |
| CAPACITY AS PRESIDENT OF THE | § | |
| UNITED STATES, et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER DENYING PLAINTIFF'S MOTION TO REASSIGN**

John Dierlam, representing himself, sued Donald Trump in his official capacity as President of the United States, as well as others. Dierlam challenged the constitutionality of the implementation of the Affordable Care Act. (Docket Entry No. 1). The government moved to dismiss, to which Dierlam responded and filed a first amended complaint, (Docket Entry Nos. 18, 27, 28), followed by another motion to dismiss and a response, (Docket Entry Nos. 37, 39). Before the court ruled on the motion to dismiss, Dierlam also filed a motion for partial summary judgment and a motion for preliminary injunction. (Docket Entry Nos. 43, 44). The government moved to stay the briefing on these motions until after the court ruled on the government's motion to dismiss for lack of standing, lack of jurisdiction, and failure to state a claim. (Docket Entry No. 45). The court granted the motion to stay, which Dierlam appealed. (Docket Entry No. 47). The Fifth Circuit dismissed the appeal for lack of appellate jurisdiction. (Docket Entry No. 55). Dierlam states that he has filed a petition for a writ of *certiorari*. (Docket Entry No. 60 at 3).

In the meantime, Dierlam has moved to have the case reassigned from Judge Hoyt. (Docket

Entry No. 56). The government responded, (Docket Entry No. 57), and Dierlam replied to the government's response, (Docket Entry No. 58). Judge Hoyt has not yet ruled on the motion. In the present motion, Dierlam asks the Chief Judge of the Southern District to grant the motion to reassign. His motion to reassign the case is groundless.

Dierlam brings this motion under 28 U.S.C. §§ 144 and 455. Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. Section 455 provides:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

28 U.S.C. § 455 (a)–(b). Dierlam has filed an affidavit to support his contention that Judge Hoyt has a personal bias or prejudice against him. (Docket Entry No. 56)

A legally sufficient affidavit under § 144 requires: (1) material facts that are stated with particularity; (2) the facts, if true, would convince a reasonable person that bias exists; and (3) the

facts reveal that the alleged bias is personal, as opposed to judicial. *Henderson v. Dept. of Public Safety & Correc.*, 901 F.2d 1288, 1296 (5th Cir. 1990). "[T]he relevant inquiry is whether a reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality." *Telles v. City of El Paso*, 164 Fed. App'x 492, 496 (5th Cir. 2006). "Adverse judicial rulings alone are generally insufficient to establish judicial bias." *Jackson v. Hochberg*, 669 Fed. App'x 274, 275 (5th Cir. 2016) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Delays in ruling do not show pervasive bias. *See, e.g.*, *Palmer v. Wyeth*, No. 97-20291, 1998 U.S. App. LEXIS 38943, at *8 (5th Cir. Nov. 9, 1998). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display deep-seated favoritism or antagonism." *Andrade v. Chojnacki*, 388 F.3d 448, 455 (5th Cir. 2003) (quoting *Liteky*, 510 U.S. at 555).

Dierlam alleges that Judge Hoyt "displayed a deeper knowledge of the defenses of the government" than of the plaintiff's claims. (Docket Entry No. 60 at 4). This allegation is based on a status conference in which Judge Hoyt "inquired about the purpose for amending the Original Complaint" and the basis for the government's motion to dismiss. (Docket Entry No. 56 at 8). This exchange, and Judge Hoyt's statement "you are not a woman," gave Dierlam "the very distinct impression" that Judge Hoyt was biased in favor of the government. (Docket Entry No. 56 at 8). Dierlam bolsters this notion with comments from www.therobingroom.com, a website that invites individuals to post what they think of specific judges. (Docket Entry No. 56 at 9). Second, Dierlam alleges that Judge Hoyt exhibited bias and hostility against him in his rulings denying Dierlam's motions. (Docket Entry No. 60 at 4). Dierlam suggests that Judge Hoyt's denial of Dierlam's

motion for excess pages was disparate treatment and that granting the government's motion for a stay was a strategy to delay Dierlam's case and surreptitiously aid the government. (Docket Entry No. 60 at 4). Finally, Dierlam points to the time it took Judge Hoyt to rule on Dierlam's motions as further evidence of bias. (Docket Entry No. 56 at 9).

None of Dierlam's accusations shows bias, requires recusal, or justifies reassignment. Dierlam is dissatisfied with Judge Hoyt's rulings, thinks they should be issued faster, and questions Judge Hoyt's courtroom management. But nothing in this record provides any objective facts that would lead a reasonable person to question the judge's impartiality. The motion to reassign is denied.

SIGNED on September 29, 2017, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge