UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
F I L E D

DEC 2 7 2021

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| John J. Dierlam | | § |
| Plaintiff | | § |
| | | § |
| versus | | § |
| | | § CIVIL ACTION NO. 4:16-cv-00307 |
| | | § |
| Joseph R. Biden, in his official capacity | | § |
| as President of the United States et. al. | | § |
| | | § |
| Defendants | | § |

**Opposed Motion For Leave to File a Third Amended Complaint and Request for Clarification**

**Issues Presented**

1) Unless I missed it in the hearing of 12/15/2021, I did not hear any reason from Judge Ellison for the dismissal of the claims, nor did I hear any analysis or determination from the Court concerning mootness or standing as requested by the 5th Circuit Appeals Court decision in *Dierlam v. Trump*, 977 F.3d 471 (5th Cir. 2020). I ask the Court to clarify these issues.

2) In the plaintiff's Response To the Motion to Dismiss the Second Amended Complaint on p.24 I asked the Court to consider allowing me to file a Third consolidated Amended Complaint. The Court never mentioned this topic in the hearing, nor did the Court provide opportunity to make such a Motion during the hearing, therefore I am making that Motion in this document.

**Background**

On February 4, 2016, I, John J. Dierlam, a citizen of Texas, the United States, and a life long Catholic, filed a complaint in the Southern District Court of Texas against the government, which includes the President of the U.S. and departments of Treasury, Labor, HHS, and their

1

Secretaries. I challenged the constitutionality of defendant's implementation of provisions of the Patient Protection and Affordable Care Act (ACA). In other claims, I challenged the constitutionality of the minimum essential coverage provision, shared responsibility payment provision, and the ACA in general. In the final claim, I request clarification of the term direct taxes so that the principle of the Consent of the Governed is preserved.

Judge Ellison appointed Magistrate Judge Palermo for a Report and Recommendation. Judge Ellison accepted the R&R and dismissed the case on 6/14/2018. I appealed. On 10/15/2020 the Appeals Court vacated and remanded the case as it believed the case lacked a suitable standing and mootness analysis from the lower court. I was not successful in an Appeal to the Supreme Court, which denied Certiorari on 2/22/2021. I filed a second amended complaint with this Court on 5/10/2021. The government filed a PMTD in Response. On 12/15/2021 Judge Ellison granted the PMTD with prejudice.

<u>**Argument**</u>

FRCP 15 states concerning amendment of Pleadings before trial, "...a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." On p.12-13 of the government's Reply in Support of the Partial Motion to Dismiss the Second Amended Complaint, the government has expressed opposition to any additional Amended Complaint. The government quotes Magistrate Judge Palermo concerning a denial to amending the Complaint, "a plaintiff should be denied leave to amend a complaint if the court determines that the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face." I have presented evidence of serious infractions and contradictions on the part of the government in violation of the Constitution and other authority, which if accepted as true, can hardly be described as frivolous.

2

If the 5th Circuit Appeals Court in *Dierlam v. Trump, 977 F.3d 471 (5th Cir. 2020)* believed this case lacked legal sufficiency "on its face," I see no reason for it to vacate and remand the previous dismissal of all claims. The Appeals Court could simply dispose of the case on that basis thus preserving the time and effort of the Judiciary. Therefore, I find this proposal on the part of the Magistrate Judge and the government to lack a factual basis in reality and be nothing more than advancement of their policy preferences. (See Dkt #95 Opposed Motion to Remove Judge Palermo from any further role in this case due to overwhelming bias, which is still pending before this Court.)

All previous amendments to the Complaint have been minor, consisting of one or a few paragraphs to cover the objection raised at that time. The first amended Complaint cured the defendant's objection to the first claim, to which I agreed, as being too thread bare to meet the standard of *Ashcroft v. Iqbal, 556 U.S. 662 (2009)*. The second amended complaint was intended to cure the deficiencies involving a lack of a statement "payment in full" regarding the Individual Mandate Penalty and the specification of the total sum paid to satisfy statutes for an IRS claim as indicated by the Appeals Court decision. The vast majority of the document has not been altered. What I propose here is a major rewrite. I will consolidate the arguments from all previous submissions and attempt to address the objections in the government's latest Reply. Perhaps, I can make this Amended Complaint decipherable, which was an objection by the government on p.13 of their Reply. I realize I have no legal education and I again apologize for my lack of polish, succinctness, and detail in my submissions. I believe I have improved and can improve further.

As stated in FRCP 15, I submit justice requires the Court to allow leave to amend the

3

Complaint for the third time for the following additional reasons (See also *Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594 (5th Cir. 1981).*):

a) In footnote 1 from the government's Reply in Support of the Motion to Dismiss the Second Amended Complaint, the government indicates other Court's have found it improper to incorporate material by reference in my Response. The government indicated it would not respond to that material. If this court agrees with that determination, then I submit for this reason alone if no other, an amended complaint is in order to incorporate all the evidence and arguments in a new consolidated Complaint.

b) I have the impression this case is being unfairly tried in the pleading phase therefore an amended Complaint is again in order to address the new objections. "The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading." Id. p.598

c) I fully intend to Appeal. An Amended Complaint would serve justice as it would simplify the work of the Appeals Court as the arguments and evidence to date would be contained in a single document which is more succinct and decipherable.

<div align="center">

**Conclusion**

</div>

For the reasons stated above I request clarification from the Court on why the claims were dismissed. I then request I be allowed to submit a Third Amended Complaint to address the issues indicated by the Court and the government as well as consolidate and better explain the arguments and evidence which is now scattered and developed in several documents created over the nearly six plus year history of this case. I expect this effort will take at least a couple of months. If amendment of the Complaint is denied, I then request the Clarification also contain what if any claims remain and how the Court plans to dispose of these claims.

<div align="center">

4

</div>

## Certificate of Service

I certify I have on 12/24/2021 mailed a copy of the above document to the clerk of the court at:

United States District Clerk
Southern District of Texas
515 Rusk, Room 5300
Houston, TX 77002

as I do not have access to the Court's electronic filing system. I have also mailed a copy to Defendant's Counsel at:

Emily S. Newton
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Room 7132
Washington, DC 20530

I have emailed a courtesy copy to the Defendant's counsel at Emily.S.Newton@usdoj.gov as well as the Case Manager for Judge Ellison at Arturo_Rivera@txs.uscourts.gov.

Date: 12/23/2021
John J. Dierlam
5802 Redell Road
Baytown, TX 77521
Phone: 281-424-2266

## Certificate of Conference

I certify I have on December 23, 2021 conferred with Emily S. Newton via email. The government opposes any further amendment.

Date: 12/23/2021
John J. Dierlam
5802 Redell Road
Baytown, TX 77521
Phone: 281-424-2266

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| John J. Dierlam | § | |
| Plaintiff | § | |
| | § | |
| versus | § | |
| | § | CIVIL ACTION NO. 4:16-cv-00307 |
| | § | |
| Joseph R. Biden, in his official capacity | § | |
| as President of the United States et. al. | § | |
| | § | |
| Defendants | § | |

## [Proposed] Order

The Motion by the Plaintiff for leave to file a Third Amended Complaint is hereby granted as allowed by FRCP 15.


_____
The Honorable Keith P. Ellison
United States District Judge

7

ch on un clean hand offers
government defendant
evoked in the complaint
to support
a' on right of action pre exist
email material
~~trees~~
trees
rees
ar cane
nt bamboo
dig, & plant lettuce
in front
in for for hydraulics
le for rent house
ength of pipe material
for loads anticipated

5/8 oz oil to 32 oz gas

2" scrub pipe

Lowes 413113 5/16 967351

check hardi plank prices
board
oof
pecans
0 - steel check prices

P 2, of Reply Brief of Defendants'
— Unclean hands can be applied
to Defendants
                    not actually a defense but
                    a concept to prevent the
                    Court from becoming a party
                    to a transgressor's misconduct
        Several court decisions give this
    court wide discretion with this
                    principle
                            FTCA
— P 2, also did cite 28 USC § 2674 in Complaint
            I overlooked APA 5 USC § 702
        This basis of standing could be better
                    worked out

    4) requirements of FTCA seem to fall within
        may have developed this in some previous
            doc. but defendant's did not
                address previous documents

                        ⊕ — 120°
                        ⟶ 2 3/8 ∅

I   1502(c)
II  RFRA
III Establishment
IV  Free Exercise
V   Exemptions  Religious
VI  Individual Mandate
VII ACA
VIII Pre ACA

John J. Dierlam
5802 Redell Road
Baytown, TX 77521



7020 1810 0001 3416 4

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL®

7020 1810 0001 3416 4

United States Dis
Southern District
515 Rusk, Room
Houston, TX 7700