United States Courts
Southern District of Texas
FILED

DEC 30 2022

Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| John J. Dierlam | § | |
| Plaintiff | § | |
| | § | |
| | § | |
| versus | § | CIVIL ACTION NO. 4:16-cv-00307 |
| | § | |
| Joseph R. Biden, in his official capacity | § | |
| as President of the United States et. al. | § | |
| | § | |
| Defendants | § | |

### Opposed Motion For Vacatur of PMTD, a New Order granting PMTD with Interlocutory Certification, and a Stay Pending the Appeals Court Decision

#### Issues Presented

On 12/12/2022 this court dismissed all claims in this case except for a retrospective violation of the RFRA. For the reasons to be presented below, no further progress can be made in this case. Under FRCP 54(b) a final judgment has not been made in this case, and the decision is not yet appealable. However, under FRAP 5(a)(3) this court has the power to vacate it's 12/12/2022 dismissal order and issue a new order dismissing the same counts, but with the addition of a certification granting permission for an interlocutory appeal. I would then have 10 days after the new order is issued to file with the Appeals Court. I therefore move this court vacate the 12/12/2022 order and create a new order granting the requested permission so that I may file an appeal to the 5th Circuit Court to resolve the issue presented by the dismissed prospective relief of the RFRA count as well as all the other dismissed counts. I would also ask for a Stay of this case pending the Appeal court's decision.

#### Background

On February 4, 2016, I, John J. Dierlam, a citizen of Texas, the United States, and a life

1

long Catholic, filed a complaint in the Southern District Court of Texas against the government, which includes the President of the U.S. and departments of Treasury, Labor, HHS, and their Secretaries. I challenged the constitutionality of defendant's implementation of provisions of the Patient Protection and Affordable Care Act (ACA). In other claims, I challenged the constitutionality of the minimum essential coverage provision, shared responsibility payment provision, and the ACA in general. In the final claim, I request declaratory relief to clarify the term direct taxes so that the principle of the Consent of the Governed is preserved.

This case is in its seventh year and remains in the pleading stage. It was initially dismissed in its entirety which was reversed and vacated on appeal. Most recently, the court granted the government's Partial Motion to Dismiss the Third Amended Complaint on 12/12/2022. The only charge which has not been dismissed is a retrospective violation of RFRA on the part of the government.

## Argument

**I Authority**

28 US Code § 1291 permits the Appeal Court jurisdiction for an appeal of "all final decisions of the district courts of the United States..." FRCP 54(b) states that an order which, "adjudicates fewer than all the claims...does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Thereby a "final decision" has not been made as a fraction of a claim remains to be decided. However, 28 US Code § 1292(b) allows for an interlocutory appeal,

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

> The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

See also *Braden v. University of Pittsburgh*, 552 F.2d 948, 950-955 (3d Cir. 1977).

**II No further progress can be made in this Case**

As mentioned above, the claim of a violation of the RFRA at least for retrospective relief remains to be decided. I do not see how this court and the parties can make any progress on this remaining, very narrow, fraction of a claim for the following reasons:

a) I believe that the freedom of religion, speech, and other issues in this case are much more important than any sum of money which can be provided by the defendants to compensate for a retrospective violation of the RFRA. As the defendants have admitted culpability, I see little or no need for any further proceedings on this violation. Logically, a negotiation of some settlement would be the next step. RFRA provides an entitlement for more than retrospective relief. See the next point. I am unwilling to trade my fundamental rights for any sum of money, therefore any negotiations will be useless.

b) As noted on p.25 of my Response to the Government's Partial Motion To Dismiss Plaintiff's Third Amended Complaint, *Korte v. Sebelius*, 735 F.3d 654, 672 (7th Cir. 2013) explicitly states that "RFRA applies retrospectively and prospectively..." Therefore based upon this upper court decision, I am entitled prospective relief. It appears the instant court is in disagreement with this upper court decision. Therefore, a "substantial ground for difference of opinion" exists in the instant case.

As indicated in my Opposed Motion For Temporary Injunction and Expedited

Consideration on Defendant's Partial Motion To Dismiss, the new rules published by United States, Department of Health and Human Services, "Nondiscrimination in Health Programs and Activities." Vol. 87 Fed. Reg. 47,824 (August 4, 2022) clearly constitute a new violation of religious freedom as presented in my Motion. The defendants have expanded the definition of sex into several what is better described as activities often denoted as LGTBQ+. These activities are strongly forbidden as gravely sinful in the traditional teaching of the Catholic Church. Unless an otherwise eligible genetic male and a genetic female enter into the sacrament of Holy Matrimony, all are called to remain celibate. Sexual activity and even entertaining such thoughts are sinful. Forcing upon myself and any potential family such coverage, I find very morally offensive. 1)Such coverage is an invitation to grave sin, which can include in effect sterilization. 2)I do not want my insurance premiums to be used to harm other individuals especially children. 3)This interpretation of sex may be used to override parental rights over children.

    Further, as presented in the previously mentioned Motion, the defendants have no scientific basis for their expansion of the definition of sex. Evidence exists hormone blockers and related mutilating sex surgeries can harm children and others. I am entitled prospective relief from this and ALL future such mandates which support the faith, religious beliefs, and worship of the false gods of the defendants. The interim rule will be considered final action early next year, however the guidance issued by HHS in March of 2022 has been considered final by other courts. See p.8 of my Reply To Defendants' Opposition To Plaintiff's Motion For Preliminary Injunction. See also *Neese v. Becerra*, No. 2: 21-CV-163-Z (N.D. Tex. Nov. 11, 2022). HHS may attempt to enforce their definition of sex at any time.

    This lawsuit was initiated over the mandatory inclusion of coverage for certain abortion,

4

sterilization, contraception and related counseling services in "minimum essential coverage." The religious exemption for this original HHS mandate was created only after considerable litigation and an executive order. No religious exemption yet exists to this new mandate. A sinister pattern can be seen on the part of the defendants. The defendants are using "minimum essential coverage" and these mandates to force the population to accept their religious dogma. Clearly, they have no intention to stop this behavior without court intervention.

c) FRCP 54(c) indicates, "Every other final judgment should grant the relief to which each party is entitled..." This court's dismissal of prospective relief for the RFRA claim makes it impossible to fulfill this requirement according to the *Korte* decision mentioned above.

Although the above reasons are more specific to prospective relief under RFRA, as the claims are interrelated similar arguments can be made for the other dismissed claims. The requirement in 28 US Code § 1292(b) of , "...a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation..." has been provided in this document. The 12/12/2022 order should be vacated and reissued with a certification for interlocutory appeal so that this case can advance without further delay.

## Conclusion

For the reasons stated above, I therefore request this court vacate the 12/12/2022 order and create a new order specifically granting permission for an interlocutory appeal of the order. The Appeals Court is the proper venue to settle the issues of whether prospective and retrospective relief can be separated in RFRA as well as the other dismissed counts in this lawsuit. I can see no proceedings of this court which will benefit any party other than the defendants and further delay will only prejudice my rights and possible relief. Whereas, granting

this request may avoid duplicative work of the court system and thereby aid in judicial efficiency. The relief, discovery, or other proceedings required may be greatly different if any of the other claims survive the appeal court's decision.

I would also request the court send me an email of this order so that I receive the full 10 day notice. I was under the understanding with the court's case manager, Judge Ellison's decision of the defendant's PMTD would be emailed to me as soon as it was issued. I never received an email. Instead, as I remember I did not receive the mailed notice from the court for least three days after the decision. I have noticed regular first class mail can take a week or longer to be delivered. I ask the court to remember, I am not a lawyer and I do not have access to the electronic filing and notification system of the court.

## Certificate of Service

I certify I have on 12/28/2022 mailed a copy of the above document to the clerk of the court at:

United States District Clerk
Southern District of Texas
515 Rusk, Room 5300
Houston, TX 77002

as I do not have access to the Court's electronic filing system. I have also mailed a copy to Defendant's Counsel at:

Rebecca M. Kopplin
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005

I have emailed a courtesy copy to the Defendant's counsel at Rebecca.M.Kopplin@usdoj.gov as well as the Case Manager for Judge Ellison at Arturo_Rivera@txs.uscourts.gov.

Date: 12/27/2022
John J. Dierlam
5802 Redell Road
Baytown, TX 77521
Phone: 281-424-2266

## Certificate of Conference

I certify I have on December 26 - 27, 2022 conferred with Rebecca M. Kopplin via email. The government opposes this motion.

*[signature]*

Date: 12/27/2022
John J. Dierlam
5802 Redell Road
Baytown, TX 77521
Phone: 281-424-2266

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| John J. Dierlam | § | |
| Plaintiff | § | |
| | § | |
| | § | |
| versus | § | |
| | § | CIVIL ACTION NO. 4:16-cv-00307 |
| | § | |
| Joseph R. Biden, in his official capacity | § | |
| as President of the United States et. al. | § | |
| | § | |
| Defendants | § | |

### [Proposed] Order

This Court hereby vacates the order of 12/12/2022. The court in its place issues the following order. The Court determines that the Motion to Dismiss should be **GRANTED** as to Claims 1, 2 and 4-21 of Plaintiff's Third Amended Complaint in their entirety and Claim 3 to the extent it seeks prospective relief.

This court further certifies per 28 US Code § 1292(b) "controlling question[s] of law as to which there is substantial ground for difference of opinion and that an immediate appeal from this order may materially advance the ultimate termination of the litigation."

Further, this case is **STAYED** pending the decision of the 5th Circuit court of Appeals decision on these matters.

The Honorable Keith P. Ellison
United States District Judge

John J. Dierlam
5802 Redell Rd.
Baytown, TX 77521

United States District Clerk
Southern District of Texas
515 Rusk, Room 5300
Houston, TX 77002

7020 1810 0000 5848 0716

CERTIFIED MAIL

7020 1810 0000 5848 0716

U.S. POSTAGE
HIGHLANDS, TX
77562
DEC 28 22
AMOUNT
$5.68
R2303S103129-4