**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

JOHN J. DIERLAM,

    *Plaintiff*,

        v.                         Case No. 4:16-CV-00307

JOSEPH R. BIDEN JR., in his official
capacity as President of the United States,
*et al.*,

    *Defendants*.

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR VACATUR
OF PMTD, A NEW ORDER GRANTING PMTD WITH
INTERLOCUTORY CERTIFICATION, AND A STAY
PENDING THE APPEALS COURT DECISION**

**NATURE AND STAGE OF THE PROCEEDING**

The Court recently granted Defendants' partial motion to dismiss, ECF No. 126, dismissing claims 1, 2, and 4 to 21 of Plaintiff's third amended complaint in their entirety, and claim 3 to the extent it seeks prospective relief. Order, ECF No. 136. Accordingly, presently the only remaining claim is the portion of claim 3 seeking retrospective relief under the Religious Freedom Restoration Act (RFRA).

Mr. Dierlam now moves for the Court to vacate its dismissal and issue a new dismissal for the same claims but including a statement that the Court's order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. Pl.'s Mot. Vacatur of PMTD, New Order Granting PMTD Inter. Cert., Stay (Pl.'s Mot.), ECF No. 137. Mr. Dierlam's goal in obtaining such a statement is to request a discretionary interlocutory appeal of the partial dismissal from the Fifth Circuit pursuant to 28 U.S.C. § 1292(b). Pl.'s Mot. at 1. If this relief is granted, Mr. Dierlam also requests that the Court stay further district court proceedings pending the Fifth Circuit's decision. Pl.'s Mot. at 1. Mr. Dierlam's motion should be denied for the reasons explained below.

**ISSUES PRESENTED**

1. Should the Court vacate and re-issue its order dismissing twenty of Mr. Dierlam's claims in their entirety and portions of the remaining claim, ECF No. 136, to include a written statement pursuant to 28 U.S.C. § 1292(b) that would permit Plaintiff to seek leave from the Fifth Circuit for a discretionary interlocutory appeal of the Court's order?

*Legal standard*: 28 U.S.C. § 1292(b) states that:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling

question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). When the district court includes such a statement, the party seeking to appeal then has ten days to ask the circuit court for leave to take a discretionary interlocutory appeal (*i.e.*, the circuit court may choose to deny leave for the interlocutory appeal). 28 U.S.C. § 1292(b); Fed. R. App. Pro. 5(a).

The party requesting a § 1292(b) statement from the district court bears the burden of showing that *all* of the requirements of the statute are satisfied. *See Clark-Dietz & Assoc.-Engs., Inc. v. Basic Const. Co.*, 702 F.2d 67, 68 (5th Cir. 1983). Even then, the district judge has "unfettered discretion to deny certification." *United States ex rel. Colquitt v. Abbott Labs.*, No. 3:06-CV-1769, 2016 WL 3571329, at *3 (N.D. Tex. Mar. 8, 2016) (citation omitted). "Interlocutory review is reserved for 'exceptional' cases. 28 U.S.C. § 1292(b) provides a narrow exception to the final judgment rule." *Releford v. City of Houston*, No. 4:14-CV-02810, 2016 WL 7051662, at *2 (S.D. Tex. Dec. 5, 2016) (quoting *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996)). "Section 1292(b) is not a vehicle to question the correctness of a district court's ruling or to obtain a second, more favorable opinion." *Id.* (quoting *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 722 (N.D. Tex. 2006)).

## ARGUMENT

Because none of the requirements of § 1292(b) is met, the Court should not issue a § 1292(b) statement. Here, the Court's order does not involve "a controlling question of law as to which there is substantial ground for difference of opinion," 28 U.S.C. § 1292(b), because the Court's dismissal was correct and well-supported by the law. And an interlocutory appeal would not "materially advance the ultimate termination of the litigation," *id.*, because it would leave the

2

retrospective RFRA claim unresolved and render it impossible for the Fifth Circuit to resolve the case in a single decision. Accordingly, Mr. Dierlam's motion should be denied.

I. **There Is No Substantial Ground for Difference of Opinion Regarding Any Controlling Issue of Law from the Court's Dismissal.**

The Court's order granting Defendants' partial motion to dismiss does not raise "a controlling question of law as to which there is substantial ground for difference of opinion," as required by 28 U.S.C. § 1292(b). The standard for a "substantial ground for difference of opinion" is quite high. The "traditional grounds for certification under section 1292(b)" are when "a trial court rules contrary to all circuit courts; a question of first impression is presented on which other circuit courts are split; or complicated questions arise under foreign law." *Coates v. Brazoria Cnty. Tex.*, 919 F. Supp. 2d 863, 869 (S.D. Tex. 2013) (citation omitted); *see also Estrada v. White*, No. 2:14-CV-149, 2015 WL 4756916, at *4 (S.D. Tex. Aug. 12, 2015) ("The threshold for establishing a 'substantial ground for difference of opinion' is higher than mere disagreement or even the existence of some contrary authority." (quoting *Coates*, 919 F. Supp. 2d at 868).

As described in Defendants' past briefing, Defs.' Partial MTD, ECF No. 126; Defs.' Reply Supp. Partial MTD, ECF No. 139, and the Court's Clarifying Memorandum, ECF No. 121, all of the prospective claims dismissed by the Court are moot. Under the Religious Exemption Rule, health insurance issuers are free to offer separate health insurance coverage to individuals with religious objections to paying for the coverage of some or all contraceptives. And under the Tax Cuts and Jobs Act of 2017, even if Mr. Dierlam chooses to go without insurance altogether, he will not face any enforcement action. Furthermore, other deficiencies also mandate the dismissal of Mr. Dierlam's claims, including that he lacks standing to challenge any violation of § 1502 given that he was in fact aware of HealthCare.gov, and that the Administrative Procedure Act and Constitution do not support his claims. Mr. Dierlam makes no attempt to explain in his motion

3

why any of these conclusions is wrong, much less to identify sufficient contrary authority to suggest that the Court's order is "contrary to all circuit courts" or even some circuit courts. *Coates*, 919 F. Supp. 2d at 869.

Mr. Dierlam identifies two possible differences of opinion, but neither works.

**First**, he argues that "RFRA applies both retrospectively and prospectively." Pl.'s Mot. at 3 (citation omitted). That proposition is irrelevant to the Court's dismissal. The Court did not dismiss Mr. Dierlam's prospective RFRA claim on a theory that prospective relief is unavailable under RFRA. The Court dismissed the prospective RFRA claim because it is moot given the Religious Exemption Rule. And as noted above, that dismissal is correct and not contrary to the rulings of other courts.

**Second**, Mr. Dierlam argues that an August 2022 notice of proposed rulemaking promulgated by the Department of Health and Human Services (HHS) regarding Section 1557 of the Affordable Care Act "constitute[s] a new violation of religious freedom." Pls.' Mot. at 4. As previously noted, this claim is not properly before the Court because it is not raised in the third amended complaint and, in any event, Mr. Dierlam lacks standing to challenge the notice of proposed rulemaking because HHS has not yet promulgated a final rule that will have legal effect. Defs.' Opp'n PI Mot. at 1-2, ECF No. 132. Mr. Dierlam cites a district court case for the purported proposition that "guidance" "has been considered final by other courts," Pl.'s Mot. at 4, but that case addressed a *guidance* document issued by HHS in May 2021, not the August 2022 notice of proposed rulemaking to which Mr. Dierlam objects in his motion. *See* Op. & Order at 2, *Neese v. Becerra*, 2:21-cv-163-Z, ECF No. 66 (Nov. 11, 2022) (addressing United States Department of Health and Human Services, Notification of Interpretation and Enforcement of Section 1557 of the Affordable Care Act and Title IX of the Education Amendments of 1972, 86 Fed. Reg. 27,984

4

(May 25, 2021)). Likewise, the discussion Mr. Dierlam references from his prior briefing also discussed different guidance documents. *See* Pl.'s Reply Supp. PI at 8, ECF No. 133 (discussing an order in *Texas v. EEOC*, 2:21-cv-194-Z, ECF. No. 53 (N.D. Tex., May 26, 2022) that addresses guidance documents issued by EEOC and HHS in June 2021 and March 2022) (discussed in Pl.'s Mot. at 4).

In any event, Mr. Dierlam's objections to the August 2022 notice of proposed rulemaking has nothing to do with whether there are substantial differences of legal opinion regarding the Court's dismissal of Mr. Dierlam's claims. None of the dismissed claims relates to Section 1557 or the proposed rule, because those actions are not challenged in Mr. Dierlam's third amended complaint.

Accordingly, because Mr. Dierlam identifies no differences of legal opinion regarding the Court's dismissal order, a § 1292(b) statement is not appropriate.

## II. An Immediate Appeal Would Not Materially Advance Ultimate Termination of the Litigation.

Furthermore, immediate appeal would only hinder the ultimate termination of the litigation. In evaluating whether this statutory factor is met, courts consider whether immediate appeal may "(1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly." *Coates*, 919 F. Supp. 2d at 867.

None of those reasons applies here. The Court has already disposed of most of Mr. Dierlam's claims without discovery and without trial. Resolution of the remaining retrospective RFRA claim, where Mr. Dierlam seeks recovery of $5,626.22, need not be complicated. The parties could potentially resolve the claim through settlement, either by themselves or with the assistance of a magistrate judge. Indeed, at times Mr. Dierlam's motion expresses an interest in

settling the retrospective RFRA claim.[1]  *See* Pl.'s Mot. at 3 ("Logically, a negotiation of some settlement would be the next step.").  Given that recovery for the $5,626.22 that Mr. Dierlam asserts he paid in shared responsibility payments is the most that Mr. Dierlam could hope to achieve if he prevails on his retrospective RFRA claim, and all that Mr. Dierlam sought in the third amended complaint, Defendants believe the claim should be capable of straightforward resolution.  *See* 3AC ¶ 294, ECF No. 124 ("If the court finds Claim 3 valid, then I will ask the court to award me the return of all payments of the IMP, currently $5626.22.").  Even if the parties are unable to settle the claim, the claim could likely be resolved through cross-motions for summary judgment without discovery or trial.  And if Mr. Dierlam does not want to either settle the claim *or* litigate it, because he would prefer to pursue an immediate appeal, he could always dismiss the claim.

Nor does Mr. Dierlam's explanation of why an interlocutory appeal would increase judicial efficiency hold water.  Given that the retrospective RFRA claim could only result in monetary relief for past payments, it is unclear why "[t]he relief, discovery, or other proceedings required may be greatly different if any of the other claims survive the appeal court's decision."  Pl.'s Mot. at 6.  And if the retrospective RFRA claim were in fact "interrelated" with the other claims as Mr. Dierlam suggests, Pl.s' Mot. 5, then it is unclear why it would increase judicial efficiency for an immediate appeal to occur without that claim.

Instead, granting Mr. Dierlam's motion would likely prolong the lifespan of this case by "open[ing] the door to multiple appeals, thereby offending the policy against 'piecemeal litigation.'"  *In re Tullius*, No. EP-11-MC-365-KC, 2011 WL 5006673, at *2 (W.D. Tex. Oct. 20, 2011) (quoting *In re La. Route Operators*, Civ A. No. 94-2642, 1994 WL 449373, at *2 (E.D. La.

---

[1] Defendants note that they have not "admitted culpability," *contra* Pls.' Mot. at 3.

6

Aug. 17, 1994)). If Mr. Dierlam were to take an interlocutory appeal, even if he prevailed at the Fifth Circuit, the retrospective RFRA claim would still remain pending. In the likely event that he did not prevail at the Fifth Circuit, then the only objective accomplished by the interlocutory appeal would be to delay resolution of the entire case. On the other hand, if the remaining retrospective RFRA claim were resolved before any appeal, then the Fifth Circuit's decision could resolve the entire case with one decision. Accordingly, and in light of the "strong judicial policy disfavoring piecemeal appeals." *Coates*, 919 F. Supp. 2d at 866 (citations omitted), Mr. Dierlam's motion should be denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion should be denied.

Dated: January 20, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MICHELLE BENNETT
Assistant Branch Director

*/s/ Rebecca Kopplin*
REBECCA KOPPLIN
California Bar No. 313970
Attorney-in-Charge
*Pro hac vice*
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 514-3953
Facsimile: (202) 616-8470
E-mail: rebecca.m.kopplin@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2023, I electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system. Because Plaintiff is not registered on the CM/ECF system, I also served Plaintiff with a copy of the foregoing document by electronic mail.

Executed on January 20, 2023, in Washington, D.C.

*/s/ Rebecca Kopplin*
REBECCA KOPPLIN
